## In re ROGERS–PYATT SHELLAC CO.

### No. 336.

Circuit Court of Appeals, Second Circuit.

July 7, 1931.

For opinion below, see (D. C.) 43 F.(2d) 863.

David W. Kahn and Bonynge & Barker, all of New York City, for appellants.

Alexander & Green, of New York City (James H. McIntosh and Edward W. Bourne, both of New York City, of counsel), for respondents.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

During the autumn of 1928, the chief creditors of Rogers-Pyatt Shellac Company found that it was in financial difficulties, and a creditors' committee was formed and put in charge of its business with the consent of its officers and directors. Without the concurrence or knowledge of this committee, an involuntary petition in bankruptcy was filed against the corporation on January 4, 1929. The appellants were attorneys for the three petitioning creditors, two of whom, Byrnes and Dean, were stockholders and directors of the bankrupt corporation, and Byrnes was also its secretary. Moreover, Byrnes' claim was one which the corporation disputed, as his attorneys knew. None of these facts was disclosed by the petition in bankruptcy. Forthwith the petitioning creditors by an ex parte order obtained the appointment of a receiver in bankruptcy. On January 5, 1929, upon the petition of the receiver, supported by the affidavit of Mr. McMahon, one of the appellants, an ex parte order was entered authorizing the receiver to employ the appellants as his attorneys. Through inadvertence, as Mr. McMahon later deposed, this affidavit did not mention that the appellants were attorneys for the petitioning creditors or that two of such creditors were stockholders and directors of the bankrupt, or that Byrnes was the secretary and his claim in dispute. The stockholdings of Byrnes and Dean, but not the fact that they were directors, were set forth in a second affidavit by Mr. McMahon which was filed pursuant to an ex parte order entered on February 27, 1929, upon petition of the receiver asking leave to file it. The receivership continued for some months, and on May 9, 1929, appellants petitioned for an allowance of $100,-000 as compensation for their services as attorneys for the receiver. The creditors' committee objected to the granting of any allowance, and the matter was referred to a referee. While hearings before the referee were in progress, the creditors' committee applied to the District Court to vacate its order of February 27th which had permitted the filing of Mr. McMahon's supplemental affidavit. This resulted in a memorandum opinion and an order of November 8, 1929, by which the court refused to vacate the order of February 27th, but amended it to provide that it should not be deemed "either an authorization nunc pro tunc or a ratification" of the employment of the appellants. Thereafter the referee concluded that he could not with propriety pass upon the status of appellants as attorneys for the receiver and certified the entire record to the court. Upon motions by the appellants and by the creditors' committee, the question of the appellants' right to compensation was presented to the court and resulted in the order of May 16, 1930, from which this appeal was taken. This order denied the appellants' motion to ratify nunc pro tunc the order of January 5, 1929, authorizing their employment, refused them any compensation whatever, and dismissed their petition for an allowance.

The questions presented by this appeal are whether appellants obtained their appointment in violation of General Order 44 of the Supreme Court (11 USCA § 53) and rule 4 of the local Bankruptcy Rules; and, if they did, whether they are barred from obtaining compensation for services actually rendered as counsel for the receiver. The value of their services to the estate and the appellees' charges that they injured rather than benefited it need not be considered.

The affidavit of McMahon, upon which was based the order of January 5, 1929, authorizing the receiver to employ the appellants as his attorneys was apparently filed in an attempt to comply with General Order 44, which provides as follows:

" * * * No attorney for a receiver or a trustee shall be appointed except upon the order of the court, which shall be granted only upon the petition of the receiver or trustee, stating the name of the counsel whom he wishes to employ, the reasons for his selection, and the necessity for employing counsel at all; and there shall be submitted with this petition an affidavit of the person recommended showing that he is not employed by or connected with the bankrupt or any person having an interest adverse to the receiver, trustee or creditors."

Mr. McMahon's affidavit stated that neither the affiant nor his firm "represent said alleged bankrupt," and that "he and they are in no way connected with said alleged bankrupt; they represent no interests adverse to Samuel S. Koenig, the Receiver in Bankruptcy of the above named estate, and deponent knows of no reason why they should not act as attorneys and counsel for said receiver in this proceeding." The mention of Mr. Koenig as receiver was an error, as Mr. Ottinger was the person appointed receiver; but the erroneous name may be ignored as surplusage, and the allegation may be considered as a statement that the appellants represent no interests adverse to the receiver. It will be observed that this allegation omits the words "trustee or creditors" which follow the word "receiver" in the final line of the general order. However, if we consider, as we think we may, the statement "no interests adverse to the receiver" as meaning generally "no interests adverse to the estate," the omission of "trustee or creditors" becomes a merely formal defect. But so construed the statement is untrue. A creditor whose claim is disputed and doubtful certainly has an interest adverse to the trustee and to the other creditors. Byrnes' claim was of this character, and his attorney, who was Mr. McMahon, had discussed it with counsel for the corporation in July, 1928. Moreover, Byrnes and Dean owned one-sixth of the stock of the bankrupt. Surely the bankrupt is "adverse" to the creditors; and, if so, its stockholders, who are the real owners of the corporate enterprise, likewise represent adverse interests. These facts should have been disclosed in the affidavit, and, had they been, the affidavit would not have made the showing required by General Order 44 to authorize the appointment of the appellants as attorneys for the receiver; for there is a plain implication in the language of the general order that an attorney employed by any person having an interest adverse to the receiver, trustee, or creditors is not to be appointed counsel for the receiver. Even if it be assumed that in spite of the general order the court had power to make the appointment, it cannot be assumed that the court would have done so, had the facts been known. There is some suggestion that the relationship of Byrnes and Dean as stockholders and directors had been orally stated to the court at the time the receiver was appointed, although this was not at the time the order of appointment was made; but, as we have recently held in the case of In re Stratton, 51 F.(2d) 984, decided July 6, 1931, oral statements cannot take the place of the affidavit which is required by the general order. The relevant facts which the court is to consider must be made a matter of record. Hence the appellants obtained the order authorizing their appointment by a suppression, however innocent and inadvertent, of facts which, if disclosed, should, and doubtless would, have precluded their appointment, and the question is whether they can now rely upon an appointment so obtained as the basis for asking compensation for services actually performed.

Even if General Order 44 stood alone, we think that question would require a negative answer; but we need not so decide, for it does not stand alone. Rule 4 of the local rules in bankruptcy provides:

"No receiver or trustee in bankruptcy shall employ an attorney, accountant or investigator except on the order of this Court to be made by a Judge thereof and not by a Referee. Such order shall be granted only upon the petition of the Receiver or Trustee setting forth the name of the attorney, accountant or investigator whom he wishes to employ, the reasons for the selection of such attorney, accountant or investigator and the necessity of employing any attorney, accountant or investigator.

"No attorney for any of the petitioning creditors nor any attorney shall be appointed attorney for the Receiver or Trustee, nor receive any compensation for professional services rendered to such Receiver or Trustee unless such attorney, before his appointment, shall make and file his affidavit that he did not become attorney for any of said petitioning creditors, or any creditor, nor become attorney in any other capacity in the proceeding, at the suggestion or through the influence, direct or indirect, exercised in any form or guise, of any of the bankrupts or of any relative or attorney of any of the bankrupts —bankrupts in this instance including officers, directors and stockholders of bankrupt corporations—save and except, for good cause shown by such attorney's affidavit, the Court may notwithstanding allow the Receiver or Trustee to retain as his attorney, the attorney for the petitioning creditors."

We can construe this only as expressly prohibiting any allowance, even if an attorney is appointed, unless "before his appointment" he makes and files the affidavit required by the rule. The rule starts with a prohibition against employment of an attorney by a receiver without a court order—

apparently a repetition of the similar prohibition contained in General Order 44. Without an order of appointment, there could be no allowance for services rendered even though the rule were silent on the subject of compensation. In re Robertson, 4 F. (2d) 248 (C. C. A. 3), approved in Weil v. Neary, 278 U. S. 160, 169, 49 S. Ct. 144, 73 L. Ed. 243. But it is not silent. It specifies that no compensation shall be received by the attorney unless the affidavit required by the rule is filed before his appointment. This cannot mean only in case there is no order authorizing employment of an attorney; that was already forbidden. It must mean that the attorney is to take the risk of losing his compensation if he fails to file the required affidavit. And why should he not take this risk, if his failure has caused the court to make an appointment which it would not have made had the facts been disclosed? We do not say that he must lose if his affidavit is defective in some purely formal respect; but that is not this case. Here, had the appellants filed the required affidavit, they would have disclosed that two of the petitioning creditors whom they represented were directors and stockholders of the bankrupt corporation. If it be assumed that, notwithstanding, the rule would have permitted the court to authorize their employment, this could only have been "for good cause shown by such attorney's affidavit"; and no such showing was made. Nor does the entire record disclose any reason why the appellants, rather than other attorneys of equal professional standing and competence who had no relation to the petitioning creditors, should have been chosen to represent the receiver, except the reason that they already represented the petitioning creditors. But that fact is a reason for not employing them, which may be overcome only for good cause. Therefore, so far as appears, they would not have been appointed had the affidavit made the disclosure which rule 4 required. Concededly, they did not make such disclosure; and by the literal terms of the rule they are denied compensation.

But it is contended that the defects in Mr. McMahon's first affidavit were cured by his second affidavit, filed pursuant to leave granted by the order of February 27th. This affidavit disclosed that Byrnes and Dean were stockholders, but it showed no reason why in spite of that fact the attorneys who represented them should be appointed counsel for the receiver. There was still no such compliance with the rule as to justify the appointment of the appellants. Nor can the order of February 27th, granting leave to file the affidavit, be construed either as an order ratifying the former appointment or as a new order of appointment as of February 27th. The District Judge himself clearly indicates in the memorandum opinion accompanying the order of November 8th that it was not so intended; and certainly we are not to say that he unintentionally entered an order which was forbidden by the rule and by the General Order.

Nor is there merit in the contention that the appointment should now be authorized nunc pro tunc. The only argument in favor of a nunc pro tunc order is that of hardship. But the hardship is of the appellants' own making. The rule is clear, and they are charged with knowledge of it. To give heed to the argument of hardship in such circumstances would nullify the requirement that the affidavit be filed before the appointment is made. One reason for that requirement is obviously to allow the court to consider the grounds advanced for selecting counsel presumptively disqualified by representation of the petitioning creditors, unaffected by the emotional pressure which inevitably arises in their favor after the services have been rendered. Attorneys who seek appointment as counsel for an officer of the court owe the duty of complete disclosure of all facts bearing upon their eligibility for such appointment. If that duty is neglected, however innocently, surely they should stand no better than if it had been performed. In the present case, had the facts been disclosed, the appellants would not have been appointed counsel for the receiver. If the rule is to have vitality and the evils against which it is aimed are to be eliminated, it should be enforced literally. Impliedly it forbids a nunc pro tunc order to validate for purposes of compensation an appointment which could not properly have been made had the required affidavit been filed.

The order is affirmed.