51 F.2d 984 (1931)
In re H. L. STRATTON, Inc.
GENERAL MOTORS ACCEPTANCE CORPORATION et al.
v.
UPDIKE et al.
No. 285.
Circuit Court of Appeals, Second Circuit.
July 7, 1931.
John Thomas Smith, of New York City (Albert M. Levert and Anthony J. Russo, both of New York City, of counsel), for appellants.
Jonas & Neuburger, of New York City (David Haar and Murray L. Jacobs, both of New York City, of counsel), for appellees.
Before MANTON, SWAN and AUGUSTUS N. HAND, Circuit Judges.
AUGUSTUS N. HAND, Circuit Judge.
This is an appeal from an order denying a petition by certain creditors of H. L. Stratton, Inc., a bankrupt, that the trustees in bankruptcy be enjoined from employing as attorneys Jonas & Neuburger and David *985 Haar and from paying them any fees, and that Jonas & Neuburger be ordered to repay the estate of the bankrupt $15,000 received by them as fees for services as attorneys for the receivers. These fees were allowed by the court in 1927.
On December 29, 1926, schedules were prepared for H. L. Stratton, Inc., in which were set forth among its assets cash on deposit with Manufacturers' Trust Company of the approximate amount of $10,000. On December 30, 1926, a voluntary petition in bankruptcy was filed, and H. L. Stratton, Inc., was adjudicated a voluntary bankrupt. On the same day Manufacturers' Trust Company set off the moneys of the bankrupt that it had on deposit against a larger claim which it had. Jonas & Neuburger, as attorneys for the Manufacturers' Trust Company, thereafter prepared its claim against the bankrupt estate, amounting, less the offset, to $39,811.53, and filed it on January 25, 1927.
On December 30, 1926, Edwin H. Updike and J. Newton Gunn were appointed receivers of the estate of the bankrupt upon the petition of George L. McCoy, who was a stockholder, director, and secretary of the bankrupt, as well as a small creditor. The petition for this appointment was prepared by David Haar, who was requested by Jonas & Neuburger to prepare it in the absence of one of the partners.
On December 31, 1926, the receivers Updike and Gunn, Haar, Lyle Mahan, a lawyer associated with Jonas & Neuburger, and an attorney representing the Seaboard National Bank, which was a large creditor, went before Judge Bondy in chambers and discussed the appointment of attorneys for the receivers. Gunn recommended Jonas & Neuburger, and Updike said they would be satisfactory as general attorneys, but he would like independent advice from Mr. Bernard Hershkopf, without consultation with Jonas & Neuburger, or their associate Haar in respect to the claim of the Manufacturers' Trust Company which Jonas & Neuburger represented. Judge Bondy is said to have "thought well" of these suggestions, but, however that may be, no formal application for the appointment was made to him. On January 4, 1927, a petition by the receivers was presented to Judge Mack, who had succeeded Judge Bondy in the hearing of motions. It had been prepared by Haar. It contained the request for permission to employ Jonas & Neuburger as attorneys, and stated that "* * * these attorneys represent a very large creditor and are thoroly competent in our opinion to act as our attorneys. They are in no way connected with the bankrupt and have no interests adverse to those of the creditors herein in so far as we are informed and verily believe."
Accompanying this petition was an affidavit by Mahan, on behalf of Jonas & Neuburger, saying that "the * * * firm of Jonas & Neuburger represents a very large creditor of the * * * bankrupt and it has not become the attorney in any capacity in this proceeding at the suggestion or thru the influence direct or indirect exercised in any form or guise of the bankrupt or of any relative or officer, director or stockholder of the bankrupt except that the attorney for the bankrupt informed your petitioner's firm that a voluntary petition was about to be filed and your petitioner was present at the time of the application for the receiver. Your petitioner's firm has been requested by the receivers herein to act as their attorneys subject to the permission of this court and this affidavit is made under the Rules in connection with the said petition for an order appointing Messrs. Jonas & Neuburger as their attorneys. I know of no reason why the said firm of Jonas & Neuburger may not be appointed as attorneys for the receivers herein."
The foregoing is the substance of the affidavits filed to secure the appointment of the attorneys for the receivers. Hershkopf, upon data furnished by Jonas & Neuburger, at the request of Updike, advised the receivers that the set-off by the bank was proper. Nothing in the record before us indicates that his advice was not correct. Hershkopf valued his services at $500. That sum was paid to him by Jonas & Neuburger without any petition being filed on his behalf. Murray Jacobs, of that firm, says in his affidavit that the payment was made "out of the allowance made to the attorneys for the receivers."
The grievance of the creditors who have taken this appeal is (1) that Jonas & Neuburger did not set forth their relations with the Manufacturers' Trust Company in the affidavit upon which they procured employment as attorneys for the receivers (virtually that they did not repeat in writing what they had orally stated to Judge Bondy), and that in failing to do this they violated rule XLIV of the General Orders of the Supreme Court; (2) that because Jonas & Neuburger were attorneys for George L. McCoy, a creditor, director, officer, and stockholder of H. L. Stratton, Inc., and had applied on his behalf *986 for the appointment of the receivers, by rule 4 of the Bankruptcy Rules of the District Court for the Southern District of New York, they were disqualified from appointment as attorneys for the receivers and barred from obtaining any compensation for professional services rendered to the receivers or trustees; (3) that, by paying Hershkopf $500 out of the $15,000 fee allowed them as attorneys for the receivers without a court order, they were barred from compensation.
General Orders of the Supreme Court XLII and XLIV (11 USCA § 53) and rules 4 and 11 of the United States District Court for the Southern District of New York, which were in effect at the time of the transactions under consideration, are as follows:
"XLII. Compensation of Attorneys, Receivers and Trustees.
"1. Every attorney, receiver and trustee seeking an allowance of compensation from a bankrupt estate for services rendered shall file with the referee a petition under oath, setting forth a full and detailed statement of such services and the amount claimed therefor, and in the case of an attorney or receiver, the amount of the partial allowance, if any, theretofore made. And such petition shall be accompanied by an affidavit of the applicant stating that no agreement has been made, directly or indirectly, and that no understanding exists, for a division of fees between the applicant and the receiver, the trustee, the bankrupt, or the attorney of any of them. In the absence of such petition and affidavit no allowance of compensation shall be made.
"2. Such petition shall be heard at a meeting of creditors; and the referee in sending the notice of such meeting, prescribed by section 58 of the Bankruptcy Act, shall state by whom and in what amount the allowance of the compensation is asked."
"XLIV. Appointment of Attorneys for Receivers or Trustees. In any district in which there is a city having at the last federal census a population of 250,000, or more, no attorney for a receiver or a trustee shall be appointed except upon the order of the court, which shall be granted only upon the petition of the receiver or trustee, stating the name of the counsel whom he wishes to employ, the reasons for his selection, and the necessity for employing counsel at all; and there shall be submitted with this petition an affidavit of the person recommended, showing that he is not employed by or connected with the bankrupt or any person having an interest adverse to the receiver, trustee or creditors."
"4. Attorneys for Receivers and Trustees.
"No Receiver or Trustee in Bankruptcy shall employ an attorney, except upon the order of this Court. Such order shall be granted only upon the petition of the Receiver or Trustee setting forth the name of the attorney whom he wishes to employ, the reasons for the selection of such attorney and the necessity of employing any attorney.
"No attorney for any of the petitioning creditors nor any attorney shall be appointed attorney for the Receiver or Trustee, nor receive any compensation for professional services rendered to such Receiver or Trustee, unless such attorney, before his appointment, shall make and file his affidavit that he did not become attorney for any of said petitioning creditors, or any creditor, nor become attorney in any other capacity in the proceeding, at the suggestion or through the influence, direct or indirect, exercised in any form or guise, of any of the bankrupts or of any relative or attorney of any of the bankrupts  bankrupts in this instance including officers, directors and stockholders of bankrupt corporations  save and except, for good cause shown by such attorney's affidavit, the Court may notwithstanding allow the Receiver or Trustee to retain as his attorney, the attorney for the petitioning creditors."
"11. Allowances. All applications for allowances to Receivers, Trustees, Appraisers, Accountants or Attorneys shall be filed in the first instance with the Referee in Bankruptcy in charge of the case and shall be heard on notice sent by mail to the creditors, to the applicants and to the Trustee and his attorney. Such applications must state the sums claimed by the applicants and the notice of the hearing shall contain the amounts demanded. No sum shall be allowed greater than those contained in the notice. * * *"
The District Judge denied the petition of the creditors on the ground that the affidavits submitted to procure the appointment of attorneys for the receivers were "in substantial conformity to General Order XLIV and the then existing Rule 4." He held that the disclosure to Judge Bondy of the relations of Jonas & Neuburger to the Manufacturers' Trust Company and the consideration by him of those relations and the proposed selection of Hershkopf as the way out was a sufficient compliance with the rules. He held that, because the trust company in fact had a right to set off the $10,000 account of the *987 bankrupt, there was no adverse interest on the part of the trust company. He held that "the mere fact that McCoy, who had formerly been connected with the bankrupt, was used to make the formal application for the receivership had no particular significance or bearing on the situation." He held, finally, that the payment of $500 to Hershkopf out of the allowance of Jonas & Neuburger did not disqualify them from acting as attorneys for the receivers or trustees, and that, as Jonas & Neuburger were acting as attorneys for the trustees under the appointment of Referee Olney by order of February 11, 1927, and had long before been allowed compensation for their services for the receivers, the matter could not be reopened.
We ought to say at the outset that we find no intention to violate the rules, or other moral culpability in the conduct of any of the attorneys. They disclosed to Judge Bondy the relations of the bankrupt with the trust company, and the receivers selected a lawyer of ability and standing to look into the matter, who found that the set-off taken was proper. If, through any mistake, it had not been, the counsel who have contested some of their actions with acrimony would doubtless have insisted upon further investigation. They may never have thought that they would not be dealing with Judge Bondy when the formal application to appoint attorneys was made and they knew that they had disclosed the situation to the court, but Judge Mack, who actually signed the order, had none of the information given orally to Judge Bondy. Though the attorneys manifestly acted in good faith, their procedure was in disregard of rules made to safeguard insolvent estates, and was of the slipshod sort which often has characterized bankruptcy practice. We cannot too emphatically insist that the rules are to be strictly observed and that oral statements made to a judge are no lawful substitute for the affidavits which are prescribed. Compliance with the rules is not only imperative as a matter of law, but is of special importance in a district where a court has many judges sitting alternately in bankruptcy, for in such circumstances no one judge can know what occurred when his predecessor was in charge of that branch of the court.
General Order XLIV requires that an affidavit "of the person recommended" shall be submitted with the petition for the appointment of an attorney for a receiver or trustee, showing that he is "not connected * * * with any person having an interest adverse to the receiver, trustee or creditors." The affidavit submitted by Mahan on behalf of Jonas & Neuburger only met this requirement by saying that the firm represented "a very large creditor of the * * * bankrupt," and that he knew "of no reason why the * * * firm may not be appointed as attorneys for the receivers. * * *" In other words, it said nothing about the set-off taken by the Manufacturers' Trust Company, though Updike had thought the claim of this bank so worthy of investigation that he had declined to have Jonas & Neuburger represent the receivers in respect to it and had insisted upon having the independent advice of Hershkopf. While the right to take the set-off seems to have existed, we are clear that the interest of the trust company was adverse within the meaning of General Order XLIV.
Whether an interest is adverse cannot be determined by the event of an investigation or a litigation. At the time the application for appointment of the attorneys was made, the $10,000 balance with the bank appeared in the schedules as a debt due the bankrupt estate, and the schedules did not list the claim of the trust company among the liabilities. Various questions might arise as to the validity of the set-off. Shortly before the petition in bankruptcy was filed, the trust company had refused to pay checks of H. L. Stratton, Inc., amounting to about $4,000. The dishonoring of these checks was evidence that the trust company had reason to believe that H. L. Stratton, Inc., was insolvent and intended to apply the balance in its hands to the payment of its claim. Deposits might have been made shortly before the bankruptcy to facilitate reduction of the claim by means of a set-off. Such matters plainly called for investigation, and without it no one could tell whether the set-off was proper or not. But the attorneys, instead of filing an affidavit setting forth all the facts, including the set-off, said no more than that they represented "a very large creditor," without naming it, and chose to rely on the oral statement to Judge Bondy as a sufficient disclosure. Judge Mack made the order of appointment without the benefit of the disclosure.
However unfortunate the result may be to them, General Order XLIV precludes the appointment of counsel except upon an order of court founded on such an affidavit as is prescribed. It is not enough that they believed that the set-off was lawful and that *988 an investigation finally bore out the correctness of their conclusion.
Local District Court Rule 4 requires the filing of an affidavit that the applicants for appointment did not become attorneys in any capacity in the proceeding at the suggestion, or through the influence, of any officer, director, or stockholder of the bankrupts, and provides that no attorney shall "receive any compensation" unless such affidavit is filed. This rule was violated because Jonas & Neuburger moved for the appointment of the receivers on the petition of McCoy, who was an officer, director, and stockholder of the bankrupt.
It is probably true that this rule was mainly aimed at friendly involuntary petitions where the petitioning creditors were virtually selected by the bankrupt, or his attorneys, and the latter in turn procured the appointment of attorneys. But it was very sweeping, and required the disclosure by affidavit of the relation of the attorneys who sought to be appointed in the case, and precluded them from acting if they had come into it through the influence of the bankrupt, and, if it was a corporation, of its officers, directors, or stockholders. The rule forbade compensation in the absence of the prescribed affidavit. The fact that a mere application for the appointment of receivers was thought by the attorneys and found by the court to be outside the rule cannot avoid its rigorous terms.
The employment of Hershkopf, without a court order, was plainly forbidden by General Order XLIV and local rule 11. The amount paid was relatively small, and doubtless would have been allowed if the proper procedure had been followed, but the regulations were mandatory. It did not suffice that trouble was saved by the expedient adopted. Compensation for the services should have been fixed by the court and not included in the allowance to Jonas & Neuburger, who could not employ Hershkopf or fix his fee.
The contention is made that allowances fixed and paid nearly four years ago cannot be questioned now. The rules were made by courts for the protection of bankrupt estates and no neglect of private litigants to question payments can create an estoppel. The courts have power to enforce and cure the disregard of their rules so long as the estate is open. In re De Ran (C. C. A.) 260 F. 732.
On February 11, 1927, when Jonas & Neuburger were appointed attorneys for the trustees, Hershkopf had made his report that the set-off was properly taken. In view of the long acquiescence in his conclusion and the absence of any evidence that it was not perfectly sound, we can hardly suppose that any adverse interest, real or apparent, has existed since the date of his report.
The affidavit upon which Referee Olney appointed Jonas & Neuburger attorneys for the trustees is not before us. If it failed to disclose the application made by Jonas & Neuburger on behalf of McCoy for the appointment of receivers, it was subject to the same defect that inhered in their application for appointment as attorneys for the receivers, but their status as attorneys for the trustees should not be determined when we do not know the contents of the affidavits upon which the referee acted.
Although everything indicates that the attorneys rendered valuable services to the estate of the bankrupt, we are constrained to hold that they are barred from receiving compensation as attorneys for the receivers because of failure to comply with General Orders XLIV and XLII and local rules 4 and 11, and that they must restore to the trustees the $15,000 which they have been paid. This is a drastic order, but the rules were made to be followed, and require the result we have reached. Weil v. Neary, 278 U. S. 160, 49 S. Ct. 144, 73 L. Ed. 243; In re RogersPyatt Shellac Co., 51 F. (2d) 988, decided by us at this term.
The proceeding is remanded to the District Court, with directions to enter an order requiring Jonas & Neuburger to repay to the trustees the $15,000, which they have received. The order denying the motion to enjoin the trustees from employing Jonas & Neuburger and David Haar and from paying them any fees is affirmed, but without prejudice to the right of the creditors appellants to institute a new proceeding, if they be so advised.