**In re CARLISLE PACKING CO.**
No. 33183.

District Court, W. D. Washington, N. D.
April 22, 1935.

E. D. Phelan, of Seattle, Wash., for petitioners.

Ralph O. Olson, of Bellingham, Wash., for trustee.

CUSHMAN, District Judge (after stating the facts as above).

The Mr. Olson, attorney, referred to in the petition and answer, continued to represent the trustee at the time of the hearing on review of the referee's order. His employment appears to have been general and not relating to occasional or particular matters arising in the course of the administration of the estate.

The referee appears to have concluded that the burden rested upon the petitioning creditors to show that the estate suffered loss or injury because of the employment by the trustee of the attorney of the creditor Bellingham Canning Company.

The adjudication of bankruptcy was February 9th, 1934.

General Order No. 44, as amended April 17, 1933 (11 USCA following section 53), in so far as material to the present matter, is as follows: "XLIV. Appointment of Attorneys for Receivers or Trustees.— No attorney for a receiver or a trustee shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver or trustee, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the peti-

tioner's knowledge all of the attorney's connections with the bankrupt or debtor, *the creditors* or any other parties to the proceedings, and their respective attorneys. *If satisfied that the attorney represents no interest adverse to the receiver, trustee, or any creditor in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate,* the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. If without disclosure any attorney acting for a receiver or trustee shall have represented any interest adverse to the receiver, trustee, or any creditor in any matter upon which he is employed for such receiver or trustee, the court may deny the allowance of any fee to such attorney, or the reimbursement of his expenses, or both, and may also deny any allowance to the receiver or trustee if it shall appear that he failed to make diligent inquiry into the connections of said attorney." (Italics supplied by the court.)

Upon the foregoing the question is presented: Does an attorney for a creditor of the bankrupt represent an interest adverse to the trustee?

General Order No. 21, subd. 6 (11 US CA following section 53), provides: "6. When the trustee or any creditor or the bankrupt or debtor shall desire the re-examination of any claim filed against the estate, he may apply by petition to the referee to whom the case is referred for an order for such reexamination, and thereupon the referee shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor. At the time appointed the referee shall take the examination of the creditor, and of any witness that may be called by either party and if it shall appear from such examination that the claim ought to be expunged or diminished, the referee may order accordingly."

It follows that one of the duties of the trustee is to determine when there should be a re-examination of any claim filed against the bankrupt's estate, which necessarily includes the claims of any creditor.

It necessarily results that to this extent the interests of the creditor and the trustee are adverse.

That part of General Order No. 44, supra, requiring the trustee to state, to the best of his knowledge, all of the attorney's "connections" with the creditors, shows an intent to disqualify the attorney of a creditor. A rule such as General Order No. 44, as amended, should be strictly observed. In re H. L. Stratton, Inc. (C. C. A.) 51 F.(2d) 984; In re Rogers-Pyatt Shellac Co. (C. C. A.) 51 F.(2d) 988. Its purpose is to prevent any disregard of the interests of the estate by not permitting the existence of an incentive to disregard any such interests. The question is not "will or has the estate suffered" but "may it suffer loss or injury"? The case, as presented, is not one where the court can conclude that the employment of the attorney is at an end or that interests of the estate in the future can, under no circumstances, suffer because of the continued employment.

Concluding that the referee was in error in his order because of the foregoing renders it unnecessary to consider other allegations made concerning misconduct on the part of the trustee in other parts of the petition for his removal.

The order of the referee dismissing the petition for removal of the trustee is disaffirmed in such particular and in so far as it taxes costs to the petitioners.

Having reached this conclusion, the court is not convinced of the propriety or necessity of passing on that part of the order concerning the discharging of petitioner Whittle as counsel for the trustee, for if the trustee is removed he would not be such counsel, absent re-employment by the new trustee.

Upon this question the parties will be heard at the time of settling the order or orders upon the rulings herein announced, which orders may, upon notice, be submitted to the court on Monday, May 6, 1935, at 2 o'clock in the afternoon.

The clerk is directed to notify the attorneys for the parties of the filing of the foregoing.