**In re G. W. GIANNINI, Inc.**

No. 63662.

District Court, S. D. New York.
May 18, 1936.

The opinion of Stephenson, Referee, is as follows:

Wilson Lee Cannon was appointed receiver of the above-named bankrupt by order of the District Court dated July 3, 1935. By petition dated July 6, 1935, he applied ex parte to the District Court for an order authorizing him to retain Sidney M. Wittner as his attorney, and set forth in his petition the name of the attorney he desired to employ and the reasons for such employment. But he failed to state in his petition at whose instance, if any, such retention was suggested and the reasons for acting thereon. There was submitted with the receiver's petition an affidavit of Sidney M. Wittner, in which he stated that he had no interest adverse to the receiver, trustee, or creditors, except that he represented Elizabeth Sonn, a creditor; that he made the application for the appointment of a receiver upon information furnished by this creditor's son; that he also obtained information from an employee of the bankrupt who had asked him to file a proof of claim for wages due; that, except for the foregoing, he did not represent any creditor or any other person connected with the matter; that he did not have any professional, business, or other connection during one year prior and up to the date of said affidavit with the bankrupt or the bankrupt's attorney. On the receiver's petition and Wittner's affidavit the District Court made an order dated July 8, 1935, as follows: "Ordered, that the Receiver be and hereby is authorized to retain Sidney M. Wittner, as his attorney in the above entitled proceeding." No memorandum or opinion of the court was filed in connection with the granting of this order.

On July 17, 1935, a motion was made in the District Court to set aside Wittner's retention as attorney for the receiver and directing that he be not entitled to any compensation for any services he may have rendered as attorney for the receiver, on the ground that his retention as attorney for the receiver was unauthorized and invalid. This motion was made on the petition of Pierre W. Giannini, who stated that he was the president of the bankrupt and also a creditor. Upon this motion an affidavit was submitted by Sidney M. Wittner, in which he stated that the above application was not in good faith and was made wholly for the purpose of preventing an effective examination of the bankrupt's officers and thereby a discovery of concealed assets. He set forth the facts which happened shortly before the receiver was appointed; that the officers of the bankrupt were denuding the corporation of its assets in anticipation of bankruptcy; that he secured the appointment of a receiver over the opposition of the attorney for the bankrupt; that his interest as attorney for Mrs. Sonn, a creditor, was not in conflict with the claim of any creditor, and was identical with the claims of other creditors; that the interests of creditors would be best served if he were permitted to continue his search for concealed assets. The court thereupon made an order denying this motion, but filed no opinion or memorandum thereon.

The trustee and objecting creditors contend that the petitioner can receive no compensation for his services as attorney for the receiver on the following grounds: (1) That he was disqualified for retention by the receiver, for the reason that he appeared for a creditor in this proceeding; (2) that he should not be paid for services out of this estate because in this proceeding he acted for a creditor; (3) that a judge of this court has no power to waive its rules (if it be considered that the order authorizing the petitioner's retention by the receiver did waive said rules); (4) that the two orders of the court, (a) authorizing the receiver to retain the petitioner; (b) denying the motion to set aside petitioner's appointment as attorney for the receiver and directing that he be not entitled to any compensation, are not res adjudicata and do not constitute the "law of the case."

Petitioner contends that the District Court in making the order authorizing the receiver to retain him on a full disclosure of the facts waived the rules; that the order authorizing his retention and the or-

der denying the motion to vacate such order and to deny him compensation are res adjudicata; that the above two orders are the "law of the case."

Rule 8 of the District Court is as follows:

"No attorney shall be retained by the Receiver or Trustee unless his affidavit, annexed to the petition of the Receiver or Trustee, shall show, to the best of his knowledge, in addition to the matters required by General Order XLIV, his business, professional or other connection, during one year prior and up to the date of the affidavit, with the bankrupt, the bankrupt's attorney, any creditor or any other person interested in the estate. No attorney shall be so retained if in the proceeding he has appeared for or acts for or holds proxies for the petitioning or other creditors or for any other person interested in the estate; nor shall his retention continue or he be paid for services out of the estate if during the proceeding he therein act for or hold proxies for, or if for services therein he accept compensation from, any such creditor or person. The petition of the Receiver or Trustee for the retention of an attorney shall state at whose instance, if any, such retention is suggested and the reasons for acting thereon.

"This rule shall not prohibit the Receiver or Trustee from retaining as special counsel any attorney who at the time of the filing of the petition in bankruptcy was the attorney for the bankrupt in litigations or other matters then pending on behalf of the bankrupt. No such counsel shall be so retained except on order of the Court setting forth the terms and conditions of such retainer."

General Order 44 (11 U.S.C.A. following section 53) is as follows:

"No attorney for a receiver or a trustee shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver or trustee, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioners knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other parties to the proceedings, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, trustee, or any creditor in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. If without disclosure any attorney acting for a receiver or trustee shall have represented any interest adverse to the receiver, trustee, or any creditor in any manner upon which he is employed for such receiver or trustee, the court may deny the allowance of any fee to such attorney, or the reimbursement of his expenses, or both, and may also deny any allowance to the receiver or trustee if it shall appear that he failed to make diligent inquiry into the connections of said attorney.

"Nothing herein contained shall prevent the court, in proceedings under section 77 of the Act, from authorizing the employment of attorneys who are attorneys of the railroad corporation, or associated with its legal department in connection with the operation of the business of the corporation by a trustee or trustees under paragraph (c) of section 77, when such employment is found by the court to be in the public interest in relation to such operation and is not adverse to the interests of the trustee or trustees or of the creditors of the corporation."

By General Order 44 a receiver is authorized to retain an attorney only upon order of the court. District Court rule 8 (except the last paragraph which is not here applicable) does not repeat the necessity for an order required by General Order 44, but prescribes certain qualifications the attorney must have before the receiver may retain him. One of these qualifications is that he has not appeared for a creditor in the proceeding. The court order, therefore, authorizing the receiver to retain him, with no memorandum or opinion giving reasons therefor, cannot be said to be a finding that the court waived the rules. If the court by the terms of the order, or in a memorandum or opinion filed therewith, waived the rules, it would then become the "law of the case," and would hold in further proceedings unless reversed on appeal. The receiver is not authorized to retain an attorney whom the rules forbid him to retain. And there is here no order waiving the rules. It is not necessary, therefore, to decide whether a judge of the court has the power to waive its rules.

 Furthermore, an order denying the motion to vacate the order allowing the retention and directing that the attorney receive no compensation for his services, when no memorandum or opinion is filed in connection therewith, does not make the "law of the case," that the rules have been waived or that the court has found that the petitioner is qualified to act as attorney for the receiver. The motion may have been denied for a number of reasons, but, without a memorandum or opinion, no one can tell what the case decided was the law applicable to the situation. The affidavit opposing the motion claimed that it was not made in good faith, and again the court may have denied the motion for a finding that he be not entitled to compensation on the ground that such motion was premature, and such matters must be litigated when application is made for allowance in the prescribed way. Hence it cannot be said that these two orders made the "law of the case," that the attorney was qualified and properly retained by the receiver or that he is entitled to compensation. In re Rogers Pyatt Shellac Co. (D. C.) 43 F.(2d) 863, affirmed (C.C.A.) 51 F.(2d) 988. The facts in that case were different, in that the affidavit of the attorney failed to disclose facts required by the general order; but the court's opinion went further and held that the requirements of rule 8 cannot be dispensed with by an individual judge; that there is a definiteness amounting almost to rigidity in the rule; that there must be adherence to its detailed provisions; and that they intended no flexibility. So the rule in this case absolutely disqualifies any one from being the attorney for the receiver who has appeared for a creditor, and it gives authority to no one to make an order authorizing the retention of such a person as attorney for the receiver. But it goes still further: It states that an attorney shall not be paid for services during the proceeding if he acts for a creditor therein. This shows the rule to mean that, even if the court has authorized such retention, he shall not be paid for services if during the proceeding he acts for any creditor therein.

Similarly in Weil v. Neary, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243, the court states that it was the duty of the receiver to comply with the rules of the court, and that, if the receiver and his counsel chose to act in disregard of, or in opposition to, the rules, or upon an unwarranted assumption that authority had been or would be given, they are responsible for the consequences of the refusal of authority, and that the rule of court has the force of law.

For the above reasons I must recommend that no compensation can be allowed to the attorney for the receiver.

Karelsen & Karelsen, of New York City, for bankrupt.

Wilson Lee Cannon, of New York City, receiver.

Sidney M. Wittner, of New York City, for receiver.

Robert P. Stephenson, of New York City, referee.

Feiring & Bernstein, of New York City (Michael Feiring, of New York City, of counsel), for trustee.

Glenn B. Van Buren, trustee.

Kaye, Scholer, Fierman & Hays, of New York City (Mortimer D. Atlas, of New York City, of counsel), for creditors.

KNOX, District Judge.

Report confirmed. Under the law as declared in the authorities cited in the opinion of the referee, it seems apparent that the attorney for the receiver cannot be compensated out of funds of the bankrupt. In view of the services rendered, this is unfortunate, but I am without power to vary the rule which forbids the payment.