### In re PROGRESS LEKTRO SHAVE CORPORATION.

### No. 183.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1941.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

On February 2, 1939, the debtor, represented by the appellant as its attorney, filed a voluntary petition for reorganization under chapter X of the Chandler Act, 11 U. S.C.A. § 501 et seq. On the same date the petition was approved and the matter referred to a referee in bankruptcy. The appellee was forthwith appointed temporary trustee for the debtor and was later confirmed as permanent trustee. No attorney for the trustee was appointed. From the outset it was apparent that no reorganization of the debtor would be possible unless a claim of the United States for taxes and penalties in an amount exceeding $300,-000 could be compromised for a much smaller sum. An offer of compromise was submitted by the debtor immediately after the tax was assessed in June 1939, but no answer, either favorable or unfavorable, could be obtained for the tax officials. Consequently the debtor's attorney finally filed on its behalf a petition for adjudication upon which the debtor was adjudicated a bankrupt on February 9, 1940. Following the completion of liquidation, the appellant applied for an allowance for services rendered and disbursements incurred in the total amount of $3,500. The referee recommended an. allowance of $3,000 for fees and expenses, which the district judge reduced to $100 on the theory that the only services rendered for which compensation can be had out of the estate were those relating to the preparation and filing of the original petition for reorganization. After the appellant took an appeal, the trustee sought and obtained the appointment of an attorney for the trustee.

This appeal from an order denying compensation does not raise the issues which usually appear in such a case. See In re Porto Rican American Tobacco Company, 2 Cir., 117 F.2d 599, handed down herewith. The services rendered were not a duplication of the work of any other attorney, nor is there any question that some of them were beneficial to the estate and its administration. Further, no one suggests that $3,000 is not a reasonable sum; in fact it appears to be a very moderate charge for the time and labor expended. The basis for the denial of the allowance by the district court was that the bulk of the appellant's services was of a character

Sydney C. Perell, of Stamford, Conn., pro se, appellant.

Charles F. Maguire, of Stamford, Conn., for appellee.

to be rendered by an attorney for the trustee and the appellant had not been appointed to serve in that capacity, as required by General Order 44, 11 U.S.C.A. following section 53; nor would he have been eligible for such appointment because not "disinterested" as required by §§ 157 and 158 of the Chandler Act. 11 U.S.C.A. §§ 557, 558.

There is no question but that the appellant acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled that the order of the district court was correct. In the case of In re Eureka Upholstering Co., 2 Cir., 48 F.2d 95 the attorney for the petitioning creditors rendered valuable services to the receiver in bankruptcy; it was held, however, that having failed to secure formal appointment under General Order 44 no compensation could be recovered irrespective of benefit to the estate. A similar ruling appears in Re Rogers-Pyatt Shellac Co., 2 Cir., 51 F.2d 988 and in Re H. L. Stratton, Inc., 2 Cir., 51 F.2d 984, certiorari denied sub nom. Jonas & Neuburger v. General Motors Acc. Corp., 284 U.S. 682, 52 S.Ct. 199, 76 L.Ed. 576. See also Weil v. Neary, 278 U.S. 160, 49 S.Ct. 144, 73 L. Ed. 243; In re Robertson, 3 Cir., 4 F.2d 248. To recover compensation from the estate for services rendered to the trustee an attorney must receive appointment under General Order 44.

It is true that the appellant acted throughout with the consent and approval of the referee, but this does not bring him within the proviso of section 157, 11 U.S. C.A. § 557. The waiver of disinterestedness there permitted must take the form of an appointment under General Order 44 and must be explicit; it can not take the form of silent acquiescence. See In re H. L. Stratton, Inc., 2 Cir., 51 F.2d 984, 987; In re Giannini, D.C.S.D.N.Y., 14 F.Supp. 1005, 1007.

Nor can compensation be allowed on the ground that the services were rendered in the capacity of attorney for the debtor and resulted in benefit to the estate. A trustee having been appointed it was his duty to administer the estate and recovery can not be had by others unless the trustee refuses to act and formal authorization is procured from the court to proceed in his stead. In re Porto Rican Am. Tobacco Co., supra.

There may be services, however, for which the appellant is entitled to compensation in addition to that received for filing the petition. The stipulated facts disclose that he successfully contested a number of motions to dismiss the petition. The circumstances and the dates of such services do not appear but it is reasonable to conclude that they are within the field of services for which the attorney for the debtor can claim compensation. Although it seems probable that the compensation for such services will not be large, the case should be remanded to the referee to make such additional allowance as these services may justify.

Accordingly, the case is reversed and remanded for this purpose. The appellant is awarded costs of this appeal.