In re Lawrence Donald AZEVEDO and
Gladys Lenore Azevedo, Debtors.

UNITED STATES of America, Plaintiff,

v.

Lawrence Donald AZEVEDO and
Gladys Lenore Azevedo,
Defendants.

Bankruptcy No. 287–07366–C–11.
Adv. No. 288–0131.

United States Bankruptcy Court,
E.D. California.

Sept. 19, 1988.

## ORDER DENYING APPLICATION TO EMPLOY COUNSEL

CHRISTOPHER M. KLEIN,
Bankruptcy Judge.

The debtors have submitted an application to employ counsel but have not submitted a declaration signed by counsel. The application does not meet the requirements of Bankruptcy Rule 2014(a) to authorize employment of counsel.

Bankruptcy Rule 2014(a) was amended in 1987 to add the following sentence relating to all applications for an order approving employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to sections 327 and 1103 of the Bankruptcy Code:

> The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

It is not sufficient for an attorney, accountant, appraiser, auctioneer, agent, or other professional merely to repeat the requirements of section 327(a) in a conclusory fashion by saying that the professional holds or represents no interest adverse to the estate and is a disinterested person.

The only real change wrought by the 1987 amendment is the procedural requirement that the professional make a statement under penalty of perjury. The disclosure of connection has been required for more than sixty years.[1] While no spe-

---

1. Disclosure of "connections" has been required since 1925. General Order 44, 267 U.S. 615 (1925) (not "connected with"), *amended,* 288 U.S. 635 (1933) ("connections with"). In the Ninth Circuit, it is settled that it is the duty of counsel to disclose the connections:

    It was his duty to reveal all of his connections with the bankrupt, the creditor or any other parties in interest. Had he made the disclosures then it would have devolved upon the court to determine whether conflicts existed.

    General Order 44 does not give the attorney the right to withhold information because it is not apparent to him that there is a conflict. If he does not disclose and if his representation turns out to be adverse, then the punitive provisions [denial of fees] of General Order 44 may be invoked.

    *In re Haldeman Pipe & Supply Co.,* 417 F.2d 1302, 1304 (9th Cir.1969) (footnote omitted), *citing with approval, In re Rogers–Pyatt Shellac Co.,* 51 F.2d 988, 992 (2d Cir.1931).

cific language is required under the amended Bankruptcy Rule 2014(a), the verification must touch all the bases and set forth in affirmative terms the professional's relationship with the debtor *and* with creditors *and* with any other party in interest, *and* their respective attorneys and accountants. Normally, all the bases will have been touched if, after the required disclosures of any actual connections, the verification closes with the statement: "Except as set forth above, I have no connection with the debtor, creditors, or any other party in interest, their respective attorneys and accountants." If the statement appears to be complete, raises no concerns, and if the court has no reason to doubt its veracity, the application normally will be approved.

██ This is no mere formalism. The purpose of the amendment to the rule manifestly is one of disclosure and promotes public confidence in the integrity of the bankruptcy process and the bar. It reflects a formal policy determination that disclosure must be factual rather than conclusory, and that mere assertions parroting the requirements of section 327(a) (disinterested person and no adverse interest) are insufficient. In order for the rule to work, professionals must voluntarily and in good faith comply by making the factual disclosures that are prerequisite to employment and compensation under the Bankruptcy Code. Thus, by way of example, if the trustee's son-in-law is to be employed in any professional capacity, such fact must be disclosed. The court will then decide whether the professional satisfies the statutory standards and should be employed.

Although failure to disclose may affect compensation or even lead to stronger penalties, the real loss is the deleterious impact upon public confidence.

For the foregoing reasons, the Application to Employ Counsel is denied without prejudice.