**In re RAINBOW PRESS OF FREDONIA, Debtor.**

**Bankruptcy No. 86–11599 B.**

United States Bankruptcy Court, W.D. New York.

June 28, 1996.

Thomas Gaffney, Buffalo, New York, pro se.

Christopher K. Reed, Assistant U.S. Trustee, Buffalo, New York.

**CARL L. BUCKI, Bankruptcy Judge.**

During the lengthy administration of this difficult case, the Chapter 7 trustee rendered legal services for the benefit of the estate. Upon completing these tasks, however, the case trustee discovered that he had neglected to secure his own appointment as general counsel. Accordingly, after submitting his final report and application for allowance of legal fees, the trustee moved for his retroactive appointment as attorney. Objecting to this motion and to the allowance of legal compensation, the United States Trustee contends that the case trustee is unable to justify his failure to arrange the timely appointment of counsel.

Section 330 of the Bankruptcy Code authorizes this court to award reasonable compensation to "a professional person employed under section 327." Any such employment, however, requires the approval of the Bankruptcy Court. Subdivision (a) of section 327 provides generally that "the trustee, with the court's approval, may employ one or more

attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Further, subdivision (d) provides that "[t]he court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate."

■ The Second Circuit has traditionally upheld a strict standard requiring prior appointment as a condition for professional compensation. *See, for example, In re Eureka Upholstering Co.*, 48 F.2d 95 (1931) and *In re Progress Lektro Shave Corp.*, 117 F.2d 602 (1941). This rule is not absolute, however. In his decision in *In re Piecuil*, 145 B.R. 777 (Bankr.W.D.N.Y.1992), the Honorable Michael J. Kaplan carefully examined the relevant precedents of this Circuit. Having nothing to add to that analysis, I fully adopt my colleague's reasoning and conclusion. As stated by Judge Kaplan, "the applicable case law permits this Court, as a court of equity, latitude to grant relief where the failure to file a timely application has been explained, and the explanation has been found reasonable." *Id.* at 783.

■ The reasonableness of an explanation will always depend upon the facts and circumstances under which the omission or error occurred. In the Western District of New York, it has become a common and regular practice for Chapter 7 trustees to seek the appointment of themselves as attorneys. Without opposition from the Office of the United States Trustee, case trustees generally view such self selection as being in the estate's best interest, in that it avoids the expense of educating an independent counsel about relevant facts. Thomas Gaffney, the case trustee in the present instance, is a member of the panel of private trustees established pursuant to 28 U.S.C. § 586(a)(1). Having been selected by the Office of the United States Trustee to serve as trustee for numerous estates, Mr. Gaffney closed 158 cases during the 1995 calendar year. His specific appointment as trustee for Rainbow Press of Fredonia, Inc., occurred on September 15, 1986. For whatever reason, the es-

tate apparently did not require legal services during the early stages of administration. Mr. Gaffney's application for attorney compensation indicates that he first rendered legal services on June 12, 1992, and that he provided only two hours of such services prior to January of 1995.

■ The requirement for prior approval of counsel is designed to facilitate a careful consideration of qualifications for appointment. As noted by Judge Swan in *In re Rogers–Pyatt Shellac Co.*, 51 F.2d 988, 992 (2nd Cir.1931), this policy seeks to avoid "the emotional pressure which inevitably arises in [the attorney's] favor after the services have been rendered." By reason of the confidential relationship between attorney and client, any ethical concerns are best resolved before, rather than subsequent to the commencement of representation. Otherwise, the trustee risks the release of proprietary information to parties whose interests may conflict with those of the estate. Indeed, such ethical considerations are the focus of 11 U.S.C. § 327(a), which mandates that the attorney be a disinterested person who does not hold or represent any adverse interest. By expressly authorizing the appointment of the trustee as counsel, section 327(d) rejects the notion that status as trustee would itself create a conflict of interest. Because an individual would have qualified to serve as trustee only if he or she were otherwise disinterested, the selection of trustee as counsel must necessarily satisfy the requirement of disinterestedness. In circumstances such as the present instance, therefore, the imperative for prior approval of counsel is substantially muted.

■ Even when disinterestedness is not a subject for concern, prior approval of counsel is always appropriate and generally required under section 327(a). Pursuant to section 327(d), the Court may authorize a trustee to act as counsel only "if such authorization is in the best interest of the estate." Although the trustee's self-appointment as counsel may have become a common and regular practice, this Court has always given careful consider-

ation to the propriety of each particular appointment. Such review generally serves the best interest of the attorney, in that it avoids the risk that a Court might deny compensation upon a subsequent finding that representation was not in the estate's best interest. By requiring a prior consideration of this issue, the statute enhances the Court's ability to exercise its judgment without the restraint of concern for attorneys at risk of losing compensation. Nonetheless, because representation by oneself allows no opportunity for the violation of any confidences, a trustee need not demonstrate for his or her own appointment the same degree of justification that would be needed for the retroactive appointment of outside counsel.

By reason of his service on the panel of Chapter 7 trustees, Mr. Gaffney administers a significant number of cases. Typically, these are assigned in groups, often with twenty or more matters being scheduled on an afternoon or morning for the initial meeting that is required under section 341 of the Bankruptcy Code. Of all Chapter 7 cases filed in this district, over 95 percent are "no asset cases."[1] Although each matter requires careful study and the processing of the normal paperwork, only a small portion of the cases will call for the appointment of counsel. Asked to focus attention upon the completion of administration, a diligent trustee can easily overlook the one step whose only practical effect is to safeguard the trustee's personal compensation. For panel trustees, therefore, the nature of routine case administration will itself provide an adequate explanation for an occasional failure to arrange prior authorization for the trustee's service as counsel.

This Court will not necessarily overlook a trustee's recurrent failure to formalize appointment as counsel. In the present instance, however, the trustee is an attorney who has represented himself as trustee in numerous other cases. Nothing in the record indicates a pattern of negligence in memorializing these appointments. Furthermore, the need for legal services arose

---

1. Of the 5,495 Chapter 7 cases that were closed during calendar year 1995 in the Western District of New York, only 228 were asset cases.

"Asset cases", therefore, accounted for only 4.1 percent of the total, while "no-asset cases" represented 95.9 percent.

almost six years after Mr. Gaffney's selection as trustee. Because the trustee will typically complete the appointment of attorney during the early stages of case administration, the delayed development of need for legal services would likely have caused the trustee's oversight in the present instance. Thus, the trustee's failure to effect appointment of counsel is fully and adequately explained by both the character of case administration and the special circumstances which delayed the need for legal representation.

The effective administration of Chapter 7 cases requires the diligence of trustees who must deal with high volumes of assignments. For each estate, the trustee assumes the immense responsibility of a fiduciary. He or she must fulfill this responsibility with both competence and appropriate dispatch. Numerous are the duties as to which the law affords no room for error. For example, the trustee must strictly comply with certain deadlines, such as the two year limitation on commencement of avoidance proceedings and the thirty day limitation on objections to exemptions. Like the shoemaker whose children walk barefoot, a truly dedicated trustee may so focus upon creditor rights that he or she may tend to de-emphasize the protection of his or her own interests. Although this Court will not sanction an habitual disregard for requirements for prior approval of counsel, it will accord some reasonable latitude for an unintentional oversight having no other adverse impact upon the estate.

This Court is satisfied that the legal services and disbursements were reasonable, necessary, and in the best interest of the estate. For the reasons stated above, the objections of the Office of the United States Trustee are overruled. The Court grants the motion for retroactive appointment of Thomas Gaffney as counsel. There being no other objection to his compensation, Mr. Gaffney's fees are allowed, as requested, in the total amount of $6,535.06.

So ordered.