### In re AMHERST MISTER ANTHONY'S LTD.

#### No. Civ. 85–600E.

United States District Court, W.D. New York.

June 28, 1986.

pointment *nunc pro tunc* as attorney for the debtor-in-possession and for ratification of $1,400 in attorney's fees.

On June 19, 1981 Cohen filed a Chapter 11 petition in bankruptcy on behalf of the abovenamed debtor. Although he had performed various duties for the debtor-in-possession subsequent to the filing of the petition, it was not until June 29, 1983 that Cohen filed an application seeking *nunc pro tunc* appointment. On July 1, 1983 Judge McGuire approved appellant's appointment prospectively, with leave to apply for *nunc pro tunc* appointment after the examiner had made his report. October 4, 1984 Cohen reapplied for *nunc pro tunc* appointment, also seeking ratification of $1,400 in fees paid to him prior to the 1983 appointment. At proceedings November 5, 1984, Judge McGuire found that Cohen had failed to obtain timely appointment as attorney for debtor-in-possession and that he had accepted fees without notice to or approval by the Bankruptcy Court. Accordingly, Judge McGuire disapproved *nunc pro tunc* appointment and denied fee ratification in an Order dated April 4, 1985. Cohen seeks reversal of Judge McGuire's Order on the grounds that it was arbitrary, prejudicial and an abuse of his discretion.

A review of the facts and applicable law convinces this Court that Judge McGuire properly exercised his discretion denying Cohen's *nunc pro tunc* application for appointment and ratification of fees. By failing to obtain court appointment prior to acting on behalf of the debtor-in-possession, Cohen violated Interim Bankruptcy Rule 2006.[1] It has been the long-standing practice of this circuit to deny compensation to attorneys who fail to comply with that rule. *Matter of Futuronics Corp.,* 655 F.2d 463, 469 (2d Cir.1981), *cert. denied sub nom. Israel & Raley v. Futuronics Corp. et al.,* 455 U.S. 941, 102 S.Ct. 1435,

Gerald Cohen, Buffalo, N.Y., pro se.

Peter Muth, Buffalo, N.Y., trustee.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Appellant Gerald H. Cohen brings this appeal seeking a reversal of an order of United States Bankruptcy Judge Beryl McGuire, denying his application for ap-

---

**1.** Rule 2006 of the Interim Bankruptcy Rules was applicable when Cohen first applied for *nunc pro tunc* appointment. This rule and the subsequent permanent Rule 2014(a) were derived from the second sentence of former Rule 215(a), which required disclosure of the reasons for and the nature of the employment, as well as any connection the attorney had with the bankrupt, in order to avoid conflicting interests and to protect the estate. *See Advisory Committee note to Rule 215.*

71 L.Ed.2d 653 (1982). Deviation from such practice would be appropriate only where there existed unavoidable hardship or excusable neglect in failing' to obtain timely appointment, something which Cohen has failed to demonstrate. *In Re Rogers-Pyatt Shellac Co.*, 51 F.2d 988, 992 (2d Cir.1931); *see also In Re Brown*, 40 B.R. 728, 731 (Bkrtcy.1984). Inasmuch as the sole cause for the delay in this case was attorney error, Judge McGuire would have been justified in denying relief on this ground alone.

■    Cohen aggravated the situation further by accepting $1,400 in fees during the pre-appointment period without notice to the Court. Bankruptcy Rule 219(a) requires a person seeking compensation from the bankrupt estate to make a detailed application setting forth, *inter alia*, the services rendered and amounts requested in order to prevent excessive fees from depleting the estate. *See Advisory Committee Note to Rule 219.*[2] By taking without notice, Cohen clearly violated this rule as well as his fiduciary duty to the Bankruptcy Court, giving Judge McGuire more than sufficient justification for refusing to ratify the fees. *Matter of Arlen's Department Stores, Inc.*, 615 F.2d 925, 943 (2d Cir.1979). Furthermore, this Court finds no merit in Cohen's contention that his fees should be ratified because the creditors were paid fully on their claims. At the time he accepted the money it was not at all clear that the creditors would get such repayment. While there was no actual harm, the potential for such was clearly present and should preclude the ratification of the fees.

Accordingly it is ORDERED that (a) the April 14, 1985 order of Bankruptcy Judge McGuire denying Cohen's *nunc pro tunc* appointment and fee ratification is affirmed and (b) that Cohen shall return the $1,400 in fees to the trustee, Peter A. Muth, within ten (10) days of the entry of this order.

2. Rule 219 was applicable when Cohen first applied for relief. That rule also forms the basis for present Rule 2016.