In re SCHAAK ELECTRONICS, INC., d/b/a Digital Den, Schaak's Computer Academy and Design, Audiophile Stereo Service and Allied Radio of Brookfield, Debtor.

Bankruptcy No. 3–85–1559.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 17, 1986.

As Amended Sept. 16, 1986.

Thomas Lovett, Jr., Patrick Delaney, Minneapolis, Minn., for applicants.

John Hedback, Minneapolis, Minn., for U.S. Trustee.

JOHN J. CONNELLY, Chief Judge.

This matter came before the court on March 12, 1986, pursuant to notice duly given, upon the application of attorneys Patrick Delaney and Thomas Lovett of the Lindquist & Vennum law firm for allowance of interim compensation in the amount of $22,935.00 for services rendered and reimbursement of expenses in the above-entitled Chapter 11 proceedings. Patrick Delaney and Melvin Orenstein, attorneys, appeared on behalf of the applicants, and John Hedback, attorney for the United States, appeared on behalf of the United States Trustee.

The United States Trustee has filed a formal objection to the application urging that the fees requested are excessive and that the attorneys had received payments post petition from the debtor without notice and without prior approval of the bankruptcy court. (11 U.S.C. § 330, 11 U.S.C. § 331, Bankruptcy Rule 2016).

The court having heard counsel on behalf of the fee application and John Hedback in support of his resistance to said application, and having been fully advised in the premises, now upon all the files and records herein and upon the application and attached schedules outlining the services rendered and the expenses advanced, and having taken into consideration the usual standards applied by this court in dealing with and allowing attorney's fees, and the court being satisfied that the allowance requested is a reasonable and necessary expense of these proceedings,

IT IS HEREBY ORDERED that the application of Patrick Delaney and Thomas Lovett of the Lindquist & Vennum law firm, as special appointed counsel for the above-named debtor, be approved and that Lindquist & Vennum be allowed reasonable attorneys' fees for services rendered in the above-entitled Chapter 11 proceedings in the sum of $19,500.00 for professional ser-

vices rendered to the debtor together with the additional sum of $1,085.35 for expenses advanced but not previously reimbursed.

The United States Trustee not only objected to the reasonableness of the fees requested but also requested that the applicants be required to pay back into the estate the monies received as partial payment of their fees.

Schaak Electronics, Inc. is a publicly owned corporation and as such is required to comply with state and federal securities laws. The debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on July 11, 1985 and shortly thereafter applied to the court for an order authorizing it to retain Lindquist & Vennum as special securities counsel. The court entered an order pursuant to that application on August 9, 1985. Pursuant to that authorization, the applicants undertook to perform and render certain specialized services in the securities field for the debtor. Such services included preparation of Form 12K's and Form 10Q's for filing with the Securities and Exchange Commission, preparation of Form 8K's for the company, assistance and preparation of the Annual Report to Shareholders, and advice regarding trading of the company's securities on NASDAQ and related security law matters, all of which are set forth in detail in the fee application.

The applicants acknowledge that subsequent to their authorization to act as counsel they received the sum of $11,116.27 from the debtor-in-possession for services rendered and expenses incurred since the filing of the Chapter 11 proceedings. The arrangement for the interim payment of the fees received was made with the debtor at the time the applicants agreed to render the services as special securities counsel pursuant to court order. The services rendered by the applicants were vital and timely performed at a critical time in the debtor's progress in attempting reorganization. Lindquist & Vennum has members of the law firm who are skilled in bankruptcy practice, but the court is satisfied that the arrangement to render services and receive payment therefor was made with the Securities Section of the law firm.

■ Ordinarily, when attorneys hired to represent a debtor-in-possession are compensated by the estate without notice to creditors and without prior court approval, subsequent applications for fees in bankruptcy proceedings should be denied and funds already received should be ordered returned to the estate. However, bankruptcy courts, as a matter of fundamental fairness, may exercise their discretion and authorize compensation of attorneys hired to represent the debtor-in-possession even though the attorneys have been compensated by the estate without notice to creditors and without prior court approval under bankruptcy court's powers as a court of equity.

Lindquist & Vennum were not the debtor's counsel for purposes of prosecuting the Chapter 11 reorganization attempts of Schaak Electronics, Inc. The applicants were hired as special counsel to perform a very highly specialized need of the company at a critical time in its existence. The court is satisfied that the applicants performed the required special services on behalf of Schaak Electronics, Inc. in an expeditious manner.

■ A bankruptcy court may exercise its discretion to retroactively authorize payment of fees where a sense of fundamental fairness warrants it. *Lavender v. Wood Law Firm*, 12 B.C.D. 1230, 785 F.2d 247 (8th Cir.1986). In the limited circumstances of this case, the court exercises its discretion and allows the special counsel to retain the $11,116.27 previously received from the debtor of which the sum of $1,085.35 shall be charged to reimbursement of expenses incurred but not paid on behalf of the debtor and the balance in reduction of the amount of fees allowed herein pursuant to the application before the court.

IT IS SO ORDERED.