**In re KEEGAN UTILITY CONTRACTORS, INC., Debtor.**

**Bankruptcy No. 85–20269.**

United States Bankruptcy Court,
W.D. New York.

April 27, 1987.

---

Louis J. Balsamo, Rochester, N.Y., for Keegan Utility Contractors.

Leonard Relin, Rochester, N.Y., for debtor.

Woods, Oviatt, Gilman, Sturman & Clarke by Howard J. Grossman, Rochester, N.Y., for Creditors' Committee.

---

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is an application by the attorney for the debtor-in-possession, Keegan Utility Contractors, Inc. (Keegan), to retain special counsel effective *nunc pro tunc* to March 5, 1985 and for an Order awarding special counsel fees as an expense of administration. This motion was on to be heard several times and adjourned. On March 2, 1987, the parties agreed to submit the case for decision without oral argument. The facts are these.

Keegan filed in bankruptcy for reorganization under Chapter 11 on March 5, 1985 and Leonard Relin was appointed by the Court as attorney for the debtor. To date, Mr. Relin has provided legal services to the debtor for which an administrative claim of $23,500 has been allowed. Since 1978, Louis Balsamo has acted as general counsel to the debtor. At the request of Attorney Relin, Mr. Balsamo provided services to the debtor after the commencement of the bankruptcy case. To date, Mr. Balsamo claims that he has provided 273 hours of services during the pendency of the case. He now seeks compensation, as an attorney, at the rate of $100 per hour, or a total of $27,300 to be paid as an expense of administration. Neither Mr. Balsamo nor Mr. Relin applied to the Court for authorization to retain Mr. Balsamo as special counsel during the entire eighteen month post-petition period that services were provided.

Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 require that authorization of the Bankruptcy Court be acquired prior to the employment of a professional person by or for a debtor. An extremely dim view is taken in this Circuit of efforts to obtain *nunc pro tunc* Orders employing professionals when Court authorization in the first instance has not been sought. *In re Rogers-Pyatt Shellac Co.*, 51 F.2d 988 (2nd Cir.1931). Just last year, Judge Elfvin of this District observed in affirming a decision of the Bankruptcy Court denying the request for a *nunc pro tunc* Order that

It has been the long-standing practice of this circuit to deny compensation to attorneys who failed to [obtain Court appointment prior to acting on behalf of the debtor-in-possession]. (citation omitted). Deviation from such practice would be appropriate only where there existed unavoidable hardship or excusable neglect in failing to obtain timely appointment. Inasmuch as the sole cause for the delay in this case was attorney error, [the Bankruptcy Judge] would have been justified in denying relief on this ground alone.

*In re Amherst Mister Anthony's Ltd.*, 63 B.R. 292 at 293, 94 (W.D.N.Y.1986).

In the instant case, the applicant has failed to make the type of compelling demonstration that would incline this Court to Order a *nunc pro tunc* appointment. Here, by not obtaining prior authorization to retain counsel, two veteran attorneys ignored a most fundamental requirement of bankruptcy practice which they knew of or should have known. This omission is loosely attributed to "administrative oversight," but it appears more likely to be the result of administrative overreaching. Whether Mr. Balsamo is entitled to compensation, other than as an attorney, for the services he provided to the debtor has not been put into issue and the Court expresses no opinion on that matter at this time. Clearly, however, he should not be compensated on the scale at which an attorney would be paid.

Accordingly, the application, as it relates to the appointment of Louis Balsamo as special counsel to the debtor effective *nunc pro tunc* to March 5, 1985 is denied, and it is so ordered.