**In re WATKINS GLEN GRAND PRIX CORPORATION, Debtor.**

**Bankruptcy No. 81–21297.**

United States Bankruptcy Court,
W.D. New York.

Jan. 8, 1988.

David V. DeLuca, Rochester, N.Y., for Malcom Currie, Executive Director.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is an application for an Order approving compensation and reimbursement. The question raised is whether the applicant ("Currie") should be remunerated as an administrative claimant despite having failed to acquire Court approval for his employment.

The Watkins Glen Grand Prix Corporation (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on August 30, 1981. The Debtor continued operating its business subsequent to the filing. 11 U.S.C. §§ 1107, 1108. The Debtor's

business involved organizing, operating, maintaining and promoting road racing at Watkins Glen, New York. The Debtor has been inactive in the endeavor since October 4, 1981.

■ The Debtor's Statement of Financial Affairs lists Currie as "EXECUTIVE DI-RECTOR–DIRECTOR–SECRETARY" of the corporation. For the three years prior to filing in bankruptcy, the Debtor paid Currie an annual salary of $10,650.00 and reimbursed his expenses. Subsequent to the bankruptcy filing, and through November of 1982, Currie continued receiving salary and reimbursement from the Debtor. In early December of 1982, however, the Debtor was directed to make no further expenditure, nor incur further expense, without prior Court approval. Application for Compensation and Reimbursement at para. 7, *In re Watkins Glen Grand Prix Corporation*, April 13, 1984. Nevertheless, Currie continued providing services despite having failed to receive Court approval for his employment. The Debtor and Currie now seek administrative expense status for his claim, consisting primarily of charges for the provision of services from November 5, 1982, through December 31, 1983. The claim is itemized as follows:

1. Compensation of $9,000.00 to Currie calculated as $150.00 per week for sixty weeks;

2. Reimbursement of $618.89 to Currie for out of pocket expenses; and

3. Compensation of $50.00 to Ms. Carol Franzese for bookkeeping services.[1]

An application for remuneration of the above mentioned was originally made in April of 1984. At that time, the attorney for the creditors' committee objected to an award on the ground that Currie's employment had been without Court approval. The matter was heard at a Motion term on May 21, 1984, and the Court reserved decision pending a supplemental conference with counsel for both sides. The Court's records indicate that the supplemental conference never took place. The application was then held in abeyance until such time as the Debtor's Plan of Reorganization could be confirmed. Confirmation of the Plan occurred on October 17, 1986.

The application for compensation and reimbursement was renewed on September 8, 1987. A hearing, on notice to interested parties, was held on September 25, 1987. At that time the application went unopposed. The Court reserved decision on the matter, however, in order to consider the subject of professional employment and compensation in Chapter 11.

■ Currie, a former officer and director of the corporation, was eligible to be employed by the Debtor. 11 U.S.C. § 1107(b). His eligibility should have been acted upon by acquiring Court approval for employment. 11 U.S.C. § 327; Bankr. Rule 2014. Had Currie satisfied the condition of acquiring Court approval, the compensation which he now seeks could be awarded pursuant to 11 U.S.C. § 330.[2] If the compensation were awarded pursuant to section 330, then Currie's claim would be entitled to administrative expense status. 11 U.S.

---

1. Because the sum involved is nominal, and because documentation has been submitted substantiating the amount claimed, the Court will allow item 3 as an expense of administration pursuant to 11 U.S.C. § 503(b)(1)(A).

2. **11 USCS § 330. Compensation of officers**
(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
(1) reasonable compensation for actual, necessary services rendered by such trustee, examin-

er, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
(2) reimbursement for actual, necessary expenses.

. . . . .

11 U.S.C. § 330(a).

C. § 503(b)(2).[3] Claims receiving administrative expense status are in the enviable position of being paid in priority as against other unsecured claims. 11 U.S.C. § 507(a)(1).[4] Thus, the Bankruptcy Code provides a workable, if rigid, system for employing and remunerating professionals who wish to perform post-petition services for debtors. A system which this Court advocates and will adhere to.

The benefit of working within the system is that the Court can scrutinize post-petition employment arrangements[5] and avoid depletion of the bankruptcy estate. Subject to the Court's scrutiny, a professional claimant whose employment has been approved will be paid on a priority basis. The risk of failing to work within the system is that the Court is unable to scrutinize post-petition employment arrangements and professional claimants forfeit the opportunity of having remuneration awarded on a priority basis.

While there is the faint hope that an initial failure to work within the system can be corrected by an application for employment *nunc pro tunc*, that route is perilous and fraught with uncertainty. *See In re Keegan Utility Contractors, Inc.*, 73 B.R. 82 (Bkrtcy.W.D.N.Y.1987). In sum, bankruptcy counsel should take pains to obtain Court approval prior to employing professional persons, including former officers, directors and key management personnel, by or for Chapter 11 debtors.

Relying on these guiding principles, the Court concludes that this application must be denied because Currie, a professional, was employed without Court approval. Accordingly, Currie's claim for compensation and reimbursement will neither be awarded administrative status nor paid on a priority basis and it is so ordered.

---

**3. 11 USCS § 503. Allowance of administrative expenses**

.   .   .   .   .

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

.   .   .   .   .

(2) compensation and reimbursement awarded under section 330(a) of this title;

.   .   .   .   .

11 U.S.C. § 503(b)(2).

**4. 11 USCS § 507. Priorities**
(a) The following expenses and claims have priority in the following order:
(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

.   .   .   .   .

11 U.S.C. 507(a)(1).

**5.** The bankruptcy court is dutybound to evaluate the reasonableness of professional employment and compensation under Code sections 327 and 330 whether or not objection has been raised. *In re Athos Steel and Aluminum, Inc.*, 69 B.R. 515, 520 (Bkrtcy.E.D.Pa.1987).