**In re Melvin Lane POWERS, a/k/a Mel Powers and Mel Powers, d/b/a Mel Powers Investment Builder, Debtor.**

**J.A. COMPTON, Trustee for the Estate of Melvin Lane Powers, Plaintiff,**

v.

**HERON, BURCHETTE, RUCKERT & ROTHWELL, Defendants.**

Bankruptcy No. 83–05547–H3–7.
Adv. No. 87–1086–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

June 29, 1988.

**514**

Phil F. Snow, Morris & Campbell, Houston, Tex., for debtor.

John M. Bennett, Jr., Gilpin, Pohl & Bennett, Houston, Tex., for Heron, Burchette, Ruckert & Rothwell.

## MEMORANDUM AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

On March 17, 1988, trial concluded on Trustee's complaint to recover unauthorized and undisclosed transfers of estate property as compensation for professional services. After considering the evidence presented and argument of counsel, the court issues the following Memorandum. To the extent any of the following conclusions of law are construed as findings of fact, they are hereby adopted as such. To the extent any of the following findings of fact are construed as conclusions of law, they are hereby adopted as such.

### Issues

Parties to this adversary action seek resolution of the following issues presented in pleadings and in pre-trial and post-trial briefs:

1. Where a criminal attorney is engaged by an individual debtor to assist and represent debtor in an inquiry conducted by the United States Attorney's Office and the Internal Revenue Service as part of a grand jury investigation, may sufficient benefit flow to the estate to warrant transferring assets of the estate to the attorney in payment for his services?

2. If the above question is answered in the affirmative, where such attorney fails to seek or obtain advance court approval, if the attorney serves in ignorance of the need for his services to have been so approved and if such approval has never existed, may he nonetheless be compensated by the estate upon construction of 11 U.S. C. § 327, Rule 2014(a); 11 U.S.C. §§ 330, 331, and Rule 2016, or any other provision or application of the Code or Rules?

3. If the preceding question is answered in the negative, where an attorney has already been paid from estate funds, may the trustee recover these funds for the estate pursuant to 11 U.S.C. § 549(d), or under any other provision of the Code, the Rules, or any other rule of law or equity?

4. If the preceding issue is resolved in the affirmative, may the trustee recover all fees paid to the attorney notwithstanding the two year statute of limitations provision contained in 11 U.S.C. § 549(d), or may such time period be tolled until the date the trustee discovers the unauthorized transfer of estate property.

5. Where an attorney for the debtor innocently receives partial payment of his fees from a third party entity which ostensibly is not part of the estate of the debtor, may the trustee recover such fees for the estate?

6. Notwithstanding the effect of 11 U.S.C. § 1141(b) which vests all property of the estate in the debtor upon confirmation of a plan, where preconfirmation employment of an attorney arose under circumstances described in the second issue above, is there any basis on which a trustee may subsequently recover payments made to such attorney after confirmation of a plan and prior to conversion of the matter to a Chapter 7 proceeding?

7. Where a trustee brings action to recover attorney fees believed to have been paid by the estate or on behalf of the estate without proper advance express or implied court approval or ratification, may the trustee recover for the estate legal fees and costs incurred by the trustee in the pursuit of such recovery?

### Findings of Fact

Defendant, a Washington, D.C. law firm, was engaged by Debtor to represent him in

an inquiry by the United States Attorney's Office and the Internal Revenue Service ("IRS") in connection with a grand jury investigation. Defendant performed services for which payment was made while Debtor was in Chapter 11, and also after conversion of the case to a Chapter 7 proceeding, during which latter time the then appointed Trustee discovered upon review of accounting records that payments had been made to the defendant without any advance court approval of defendant's employment or for compensation from the Debtor's estate.

Shortly after discovering transfers of estate property to defendant, the Trustee brought this action seeking to avoid all transfers made to defendant and to recover all compensation paid together with Trustee's attorney fees and costs, and post-judgment interest.

The attorney performing services for the Debtor as an associate of the defendant law firm, John Dowd, testified at trial that he gained no information as to the real nature of the IRS/DEA inquiry in which he was asked by Debtor to assist other than from impressions intuitively gathered or realized as a result of his professional experience in such matters and, while he had no actual knowledge of the nature of the IRS inquiry, he believed it concerned unreported taxable income of the Debtor unrelated to any narcotics activity.

Mr. Dowd testified that the worst case outcome of the type of Internal Revenue Service inquiry involved would be criminal fines, followed by civil trial in which judgment on the pleadings would lead to additional taxes, penalty and interest to the Debtor and his estate. No estimated amounts of fines, taxes or penalties were brought into evidence, however.

Mr. Dowd testified that much of the IRS inquiry had to do with certain subpoenaed business records of the Debtor requiring explanation thereof, leading to a conclusion by this court that the legal services in question were pertinent to the Debtor's business. Because the IRS inquiry and related grand jury investigation began prior to the filing of the original petition in this case, it can be inferred that the activity being investigated was pre-petition business of the Debtor. There is no dispute, however, that all payments in issue were made post-petition and for post-petition services of the defendant.

Mr. Dowd testified he was aware that bankruptcy proceedings of the Debtor were in progress when defendant law firm was engaged but that he had no knowledge of any requirements for defendant to have sought court approval before agreeing to work for the Debtor in the IRS inquiry. There is no evidence of fraud, deceit or concealment by the defendant.

There was testimony by Mr. Dowd suggesting that defendant represented individuals in addition to the Debtor during the subject IRS inquiry, but either his poor recollection or cautions of attorney/client privilege prevented specificity. The court finds that any such representation was incidental to benefits received by the estate from services performed by defendant, which, upon review of timesheets and billings, are found to be reasonable in amount and of a nature reasonably consistent with an engagement undertaken to avoid assessment of taxes on the estate which would result in a decrease in the common funds available for distribution to creditors.

Defendant received payment for legal services in the aggregate amount of $28,998.17, of which amount $20,686.39 was received more than two years earlier than the filing of this action by the Trustee/plaintiff, and $8,311.78 was received after such filing. Of that latter amount, allegedly, $2,192.35 was received by the defendant from a third party after conversion of the case to a Chapter 7 proceeding, and there is no evidence in this proceeding that such third party's assets were part of the estate. The remaining amount of $6,119.43 was paid directly out of the estate within two years of the filing of this action during the pendency of a confirmed plan under Chapter 11, before conversion to Chapter 7 and appointment of a trustee.

### Conclusions of Law

The trustee may avoid transfers of estate property not previously authorized by

the Code or by the court. 11 U.S.C. § 549(a)(2)(B).

■ In this case, attorney fees were paid without court appointment or approval as required by the Code and Rules, at 11 U.S.C. §§ 327, 330, 331, Bankruptcy Rules 2014(a) and 2016. These fees are subject to disgorgement absent retroactive appointment and approval. See *In re Amherst Mister Anthony, Ltd.*, 63 B.R. 292 (Bankr. W.D.N.Y.1986).

■ The courts have a range of discretion in granting or denying retroactive approval of professional appointment applications. There appear to be no cases directly on point with the unusual facts herein. *In re Schaak Electronics, Inc.*, 63 B.R. 830 (Bankr.D.Minn.1986), does provide a point of reference. In that case the United States Trustee questioned fees paid to special counsel who had been properly authorized in advance to perform securities services, including SEC filings, but had neglected to obtain advance court approval for receipt of such fees. The court found appointed counsel had performed expeditiously and, after being satisfied that fees received were a reasonable and necessary expense, retroactively approved the fee application in the interests of fundamental fairness. *Contra In re Amherst Mister Anthony, Ltd.*, *supra*, denying a *nunc pro tunc* application for appointment and ratification of fees paid and ordering the return of all such fees where there was no showing of "unavoidable hardship or excusable neglect" in the failure to seek timely appointment.

The law in the Fifth Circuit is established in *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1980), which rejects a *per se* prohibition of *nunc pro tunc* attorney appointment, holding that bankruptcy courts have the discretion upon consideration of equitable factors to retroactively authorize attorney appointment. The sole issue on appeal in *Triangle* was whether the bankruptcy judge below was correct in his conclusion that bankruptcy statute and rules *per se* precluded him from issuing a *nunc pro tunc* order approving employment of an attorney. The holding was that

the bankruptcy statute and rules do not preclude such a *nunc pro tunc* order in "rare or exceptional circumstances" in which the bankruptcy court may use its equitable power and sound discretion to grant such appointment. Thereafter, upon proper showing, compensation for services which benefited the estate and its creditors may be allowed.

The holding of *Triangle* is cited as a general rule in *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir. 1986), where approval of an attorney for debtor's estate "will be required *in advance* of such employment and only after the showing now required by statute." *Id.* at 1254 (emphasis added).

*In re Sayegh*, 62 B.R. 601 (Bankr.S.D. Tex.1986), concerned creditors' challenge of *nunc pro tunc* application for the employment of a bankruptcy attorney for debtors and the prior post-petition receipt of fees. Citing *Matter of Triangle Chemicals, Inc.*, *supra*, and *Collier on Bankruptcy, Case Administration*, ¶ 327.02, the court allowed compensation on grounds that the *nunc pro tunc* application on file would be approved, there being no evidence of any fraud, dishonesty or overreaching on the part of the applicant, nor any breach of fiduciary duty by the applicant or the debtor in possession.

■ One of the payments at issue was made to the defendant after the May 3, 1985 confirmation of Debtor's Third Amended Plan of Reorganization. Under Article 9.1 of the plan this court retained jurisdiction over compensation to professional persons. Therefore, while 11 U.S.C. § 1141(b) vests estate property in the debtor, use of such property to compensate the defendant was under the control of this court. The text of Section 1141(b) states:

> Except as *otherwise* provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

11 U.S.C. § 1141(b) (emphasis added).

Since the plan "otherwise" provides for the court to control the payment of professional fees, legal fees paid to the defendant

in the amount of $6,119.43 during the pendency of the plan and prior to the conversion of the case to a Chapter 7 proceeding are deemed to have been paid to "professionals" contemplated by 11 U.S.C. § 327, therefore requiring application and order for appointment under Rule 2014 before application for compensation under Rule 2016 may be considered.

The court finds no basis under B.R. 7054 (or F.R.C.P. 54, incorporated therein) for the award of costs or attorney fees.

### Conclusion

Absent appointment of defendant pursuant to 11 U.S.C. § 327, the Trustee may recover from defendant some or all of the transfers of property directly from the Debtor to the defendant. The court concludes opportunity to obtain such appointment should be allowed. The court does not yet reach the issues of whether the statute of limitations applies or is tolled, or of whether the services rendered were of benefit to the estate, or of whether fees paid to movant by Lawrence Barbernell/Sky Travel, Inc., d/b/a Powersair, may be recovered by the Trustee.

Defendant is given leave to file within fifteen days from date of entry of this Order an appropriate motion upon notice, seeking *nunc pro tunc* appointment. This application may be accompanied by or followed by an appropriate application for compensation. Absent the filing of such motion within the time granted, the court will enter an appropriate order awarding recovery to J.A. Compton, Trustee.

It is so ORDERED.