**In re HAZEN AGRICULTURAL PROD-UCTS SERVICE, INC., Gale E. & Elizabeth A. Hazen d/b/a Hazen Farms, New Cottage Inn, Country Casual Clothing Shop, Debtors.**

**Bankruptcy Nos. 84–20225, 84–20317.**

United States Bankruptcy Court,
W.D. New York.

Jan. 25, 1990.

William A. Muoio, Rochester, N.Y., for debtors.

David D. MacKnight, Rochester, N.Y., for trustee.

_____

Edward Degnan, Canisteo, N.Y., for debtors and Richard Schwartz.

John A. Belluscio, Rochester, N.Y., trustee.

Louis A. Ryen, Rochester, N.Y., trustee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on the application of William A. Muoio, the Chapter 11 Debtor–In–Possessions' former attorney, for an Order approving compensation and reimbursement.[1] An application covering both cases in the amount of $75,-331 ($73,860.00, attorney fees plus $1,471.00, disbursements) was submitted on July 10, 1989. Affidavits in opposition to such an allowance were submitted by the Debtors, the Trustees, John A. Belluscio and Louis A. Ryen, and Richard Schwartz, on behalf of Richard's Cottage Inn. A hearing was conducted on October 12, 1989. The facts are these.

Early in the Spring of 1984, Gale Hazen met with Mr. Muoio to discuss the possibility of filing for relief under Chapter 11 of Title 11 of the U.S.C. Mr. Muoio informed him that he would do both the personal and the business bankruptcies for $15,000. Mr. Hazen understood this to be the complete and total fee. A few days later, Mr. Hazen decided that he would file for bankruptcy and paid Mr. Muoio the $15,000 requested. No written retainer agreement was ever entered into between Mr. Muoio and Mr. Hazen. On March 2, 1984, a voluntary petition was filed for Hazen Agricultural Products Service, Inc. and on March 23, 1984, the Hazens filed a personal Chapter 11 petition. During the course of the bankruptcies, Mr. Hazen was required to advance approximately $2,850 for printing costs. He also testified that he was continually badgered by Mr. Muoio to pay additional fees during the course of the bankruptcies. One such instance was in the Spring of 1986, when Mr. Muoio requested additional fees. However, it does not appear that Mr. Hazen paid any additional fees. In each of the four plans of reorganization submitted by the debtors, it stated that Mr. Muoio would be paid an additional $20,000. No Court approval was ever requested or granted for these additional fees or any other fees paid to Mr. Muoio. No plan was ever confirmed in either case and both cases were converted to a Chapter 7. The Hazen corporation and the Hazens individually ended their relationship with Mr. Muoio towards the end of May, 1988. A consent to change attorney was filed on June 3, 1988.

There is also before the Court the question of who is entitled to the sum of $6,000 now being held in escrow by Mr. Muoio. As part of the Hazen corporation's effort to reorganize, it placed up for sale real property commonly known as the New Cottage Inn. A purchase offer was entered into between Mr. Hazen and Richard Schwartz. The sum of $7,000 was placed with Mr. Muoio to be held in escrow pending the closing of sale. A motion was brought to obtain Court approval for the sale. The motion was orally granted after a hearing on October 16, 1985. However, no Order was ever submitted and the sale was never closed. Subsequently, Mr. Schwartz purchased the property at a foreclosure sale. Further, it appears that Mr. Muoio, without Court Order or authorization, paid the first mortgage holder on the property the sum of $1,000 out of the escrow funds. The Trustees request that the remaining sum of $6,000 be surrendered to them. Mr. Muoio in his fee application acknowledges he is holding this sum but requests he be allowed to apply it to whatever fee he is awarded.

On December 17, 1988, the Trustee in the Chapter 7 cases brought a motion pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2017 to have the Court inquire into the compensation received by Mr. Muoio, and to require Mr. Muoio to restore funds in the amount of $27,000 to the estate pend-

---

1. On February 2, 1988, Hazen Agricultural Products Service, Inc., 84–20225, was converted by Order of this Court to a Chapter 7. On July 15, 1988, Gale and Elizabeth Hazen, 84–20317, was converted by Order of this Court to a Chapter 7.

ing his submission of a fee application and approval of such by the Court. As a result of that motion, an Order was entered on April 11, 1989 requiring Mr. Muoio to submit to the Court an accounting of all funds received by him from the Debtors and a formal application for fees. On July 10, 1989, an application for fees for acting as the attorney for the debtor-in-possession was submitted to the Court. However, it does not appear an accounting was ever submitted. Further, Mr. Muoio never applied to the Court for an Order appointing him as attorney for the debtor-in-possession as required by 11 U.S.C. § 327 and Bankruptcy Rule 2014. Mr. Muoio admits that no such Order was ever granted or even applied for. He now requests that an Order appointing him attorney for the debtor-in-possession be granted *nunc pro tunc* and he be awarded fees.

■ Section 327 of the Code and Bankruptcy Rule 2014 clearly and unambiguously require prior Court approval for the appointment of professional persons. "To recover compensation from the estate for services rendered to the trustee [debtor-in-possession], an attorney must receive appointment under ..." § 327 and Rule 2014. *In re Progress Lektro Shave Corp.*, 117 F.2d 602, 604 (2d Cir.1941). "It has been the long-standing practice of this circuit to deny compensation to attorneys who fail to comply with that rule." *In re Amherst Mister Anthony's Ltd.*, 63 B.R. 292, 293 (W.D.N.Y.1986) citing *Matter of Futuronics Corp.*, 655 F.2d 463, 469 (2d Cir.1981) *cert. denied sub nom. Israel & Raley v. Futuronics Corp. et al.*, 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982). Failure to comply with these requirements is fatal to being awarded a fee pursuant to § 330(a), to having that fee be allowed as an administrative expense pursuant to § 503(b) and to having that administrative expense be given priority in distribution under § 507(a). *See In re Watkins Glen Grand Prix Corp.*, 81 B.R. 232 (Bkrtcy.W.D.N.Y.1988).

■ Since no application for appointment as attorney for the debtor-in-possession was ever made and no Order to that effect

was ever issued, Mr. Muoio now requests the Court to grant such an Order *nunc pro tunc*. "An extremely dim view is taken in this Circuit of efforts to obtain *nunc pro tunc* Orders employing professionals when Court authorization in the first instance has not been sought." *In re Keegan Utility Contractors, Inc.*, 73 B.R. 82 (Bkrtcy.W.D.N.Y.1987); *In re Rogers–Pyatt Shellac Co.*, 51 F.2d 988 (2d Cir.1931).

■ In this case, it is clear that no application to be appointed attorney for the debtor-in-possession was ever made to this Court. Attorney Muoio admits no such Order was obtained, but provides no explanation for this failure. If the sole cause for this failure was attorney error, then a *nunc pro tunc* order should not be granted. *In re Amherst Mister Anthony's Ltd.*, 63 B.R. 292, 294 (W.D.N.Y.1986). It appears that either attorney oversight or error is the sole cause of the failure in this case. An Order *nunc pro tunc* will not be entered. While it may be a harsh result to deny an attorney an award, it is a result that is demanded under the Bankruptcy system which Congress has chosen to enact. "If the rule is to have vitality and the evils against which it is aimed to be eliminated, it should be enforced literally." *In re Rogers–Pyatt Shellac Co.*, 51 F.2d 988, 992 (2d Cir.1931).

Accordingly, the application for fees and an Order to appoint William A. Muoio as attorney for the debtor-in-possession effective *nunc pro tunc* is denied, and William A. Muoio shall return to the Trustee, Louis A. Ryen, the sum of $6,000 being held in escrow within 10 days of the entry of the Order and it is so ordered.