**In re ROBOTICS RESOURCES R2, INC., Debtor.**

**Bankruptcy No. 5-90-00529.**

United States Bankruptcy Court, D. Connecticut.

Aug. 10, 1990.

Donald W. Todrin, Northampton, Mass., for debtor.

James G. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Banyon Holdings Ltd. Partnership.

Patricia M. Strong, Asst. Atty. Gen., Hartford, Conn., for Betty L. Tianti, Connecticut Labor Com'r.

Eric J. Small, Asst. U.S. Trustee, New Haven, Conn.

Thomas J. Sansone, Carmody & Torrance, Waterbury, Conn., for Bank of Boston Connecticut.

## MEMORANDUM AND ORDER ON APPLICATIONS TO EMPLOY ATTORNEY NUNC PRO TUNC AND FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

ALAN H.W. SHIFF, Bankruptcy Judge.

The debtor seeks the approval *nunc pro tunc* of the employment of its attorney, Donald W. Todrin, and Attorney Todrin seeks the allowance of $71,850.00 for fees and $2,631.31 for expenses.

I.

On March 28, 1990, the debtor filed a petition under chapter 11 of the Bankruptcy Code. On July 2, a motion for admission *pro hac vice* was filed by an attorney admitted in this district on behalf of Attorney Todrin, who is admitted in the District of Massachusetts. That motion was granted on July 9. At a July 24 hearing on the United States Trustee's motion for the appointment of a trustee, it was revealed that Attorney Todrin had been paid a retainer of

$40,000.00 pre-petition and $10,000.00 post-petition. Because Attorney Todrin's employment by the debtor had not been approved, *see* 11 U.S.C. § 327(a), the court directed him to turn over the $50,000.00 to the debtor's estate by August 24, and an order to that effect entered on August 3. The Bank of Boston Connecticut asserts a security interest in that entire fund.

On July 27, the debtor filed the instant application for approval of the employment of Attorney Todrin, *nunc pro tunc.* On August 3, Attorney Todrin filed the instant application for the allowance of interim compensation and reimbursement of expenses. He seeks the allowance of $11,-100.00 for services rendered pre-petition (74 hours × $150.00/hour); $58,950.00 for services from March 27 through July 26 (393 hours × $150.00/hour); and $1,800.00 for services from July 27 through July 30 (12 hours × $150.00/hour). Attorney Todrin also seeks the allowance of $1,910.00 for travel expenses; $542.81 for long distance telephone calls; and $178.50 for overnight delivery service.

## II.

### A. *Fees*

Code § 327(a) authorizes a debtor in possession to employ attorneys and other professionals who "do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." *See also* Bankruptcy Rule 2014(a). Code § 330(a)(1) provides that the court may award an attorney employed by the debtor in possession under § 327(a) "reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title...." Code § 331 provides for interim awards of such compensation. Bankruptcy Rule 2016(a) requires an entity seeking compensation under § 330 or § 331 to file an application with the court.

■ It is apparent from the foregoing code provisions and rules "that in order to be eligible for counsel fees from an estate an application seeking court approval for the appointment of an attorney must be filed and an order obtained in advance of such employment." *In re Brown*, 40 B.R. 728, 730 (Bankr.D.Conn.1984). Courts in the Second Circuit generally apply the so-called "per se" rule, which prohibits compensation to an attorney who fails to obtain court approval prior to performing services. *E.g., Futuronics Corp. v. Arutt, Nachamie & Benjamin (Matter of Futuronics Corp.)*, 655 F.2d 463, 469 (2d Cir.1981), *cert. denied*, 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Northeast Dairy Coop. Fed'n, Inc.*, 74 B.R. 149, 154 (Bankr.N.D.N.Y.1987); *In re Brown, supra*, 40 B.R. at 731; *In re Sapolin Paints, Inc.*, 38 B.R. 807, 817 (Bankr.E.D.N.Y. 1984). There is, however, a narrow exception which permits approval of an appointment *nunc pro tunc* when the failure to timely file an application is the result of "excusable neglect" or would result in "unavoidable hardship". *E.g., In re Rogers-Pyatt Shellac Co.*, 51 F.2d 988, 992 (2d Cir.1931); *In re Amherst Mister Anthony's Ltd.*, 63 B.R. 292, 294 (W.D.N.Y.1986); *In re Northeast Dairy Coop., supra*, 74 B.R. at 155; *In re Brown, supra*, 40 B.R. at 731. Those standards cannot be met unless the circumstances which led to the failure to timely file were beyond the reasonable control of the party filing the application. *In re Waterman Steamship Corp.*, 59 B.R. 724, 727 (Bankr.S.D.N.Y. 1986); *In re Brown, supra*, 40 B.R. at 731–32.

■ The debtor's motion states that Attorney Todrin encountered "various impediments which slowed down and interfered with" his admission *pro hac vice*, and that until he was admitted to practice in this court, it could not file an application for his employment. Attorney Todrin argues that he was "unable" to be admitted until July 9 because for over three months he was unable to find an attorney from this district willing to serve as local counsel in compliance with Local District Rule 2(c), (d), made applicable by Local Bankruptcy Rule 1(b).

Attorney Todrin also claims that the filing of the application for his employment was further delayed because he was on vacation for two weeks prior to July 27, when it was filed. Neither excuse is excusable.

I therefore conclude that the debtor has failed to meet its burden of proof. *Pro hac vice* motions are routine matters with rather minimal requirements. They are often approved on the day they are filed. The *nunc pro tunc* aspect of the application is denied. The application is approved effective July 27.

■ Although Attorney Todrin contends that he was originally retained by the debtor to represent it in a non-bankruptcy workout, his fee application includes pre-petition services. I am not convinced that those services were not an integral part of this case and subject to the disclosure requirements of § 329(a).[1] Subject to the proviso at the conclusion of this order, Attorney Todrin may retain the $11,100.00 for the pre-petition services, as I find that that amount did not exceed the reasonable value of the services provided and was not excessive. *See* 11 U.S.C. § 329(b).

I also find that the twelve hours of services rendered subsequent to the filing of the July 27 application and Attorney Todrin's hourly fee of $150.00 are reasonable. Thus, $1,800.00 is allowed for post-petition services.

Finally, Attorney Todrin will be allowed to keep a retainer of $15,000.00. A prerequisite to a successful chapter 11 case is that the debtor have skilled legal counsel. As the court in *In re Martin*, 817 F.2d 175, 181 (1st Cir.1987), stated, "[i]t will sometimes be difficult to obtain competent counsel in anticipation of a bankruptcy proceeding unless the lawyer's financial well being can be assured to some extent." Thus, there is no bar against a debtor's attorney receiving reasonable security for fees. 11 U.S.C. § 328(a). Where a retainer is exces-

sive, however, an attorney may be ordered to turn over a portion of it to the debtor. *In re Burnside Steel Foundary Co.*, 90 B.R. 942, 944 (Bankr.N.D.Ill.1988); 11 U.S.C. § 329(b). I find that a retainer of $15,000.00 strikes a reasonable balance between Attorney Todrin's right to assurance of payment for future fees and the need to have money available for use by the debtor for other purposes.

**B. *Expenses***

■ The application for reimbursement of expenses is disallowed. Initially, I note that $300.00 of the travel expenses are for travel to and from court, which is not allowed under Local Bankruptcy Rule 25(a)(5) ("The general costs of doing business, such as ... travel to and from court, will not be allowed...."). More to the point, the application clearly does not meet the specificity requirement of Local Bankruptcy Rule 25(a)(5), which mandates that

all applications for reimbursement of expenses [contain] an itemization as to purpose, amount and date incurred, accompanied by an invoice, receipt or other documentation for each item for which reimbursement is sought.

Attorney Todrin's application groups items together and does not provide dates or invoices.

**III.**

For the foregoing reasons, the debtor's application to employ Attorney Todrin is approved effective July 27, 1990; the *nunc pro tunc* aspect of that application is denied; Attorney Todrin's application for interim compensation is allowed in the amount of $12,900.00 for the pre-petition services and the services performed after the application for employment was filed; and Attorney Todrin will be allowed to keep a $15,000.00 retainer. The retainer and the allowed fees are subject to adjustment and disgorgement by the further or-

---

**1.** Code § 329(a) provides:

Any attorney representing a debtor in a case under this title, or in connection with such case, ... shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made

after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

der of this court if the Bank of Boston Connecticut succeeds in any effort to prove that those funds are subject to a valid, perfected, and enforceable security interest or for any other reason. The application for reimbursement of expenses is denied. To effectuate this order, the August 3 order requiring Attorney Todrin to return $50,000.00 to the estate is modified so that he must turn over $22,100.00 by August 31, 1990; and IT IS SO ORDERED.